**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2636
_____

UNITED STATES OF AMERICA

v.

ANGEL MENDEZ-CASTRO
a/k/a Flaco


Angel Mendez-Castro,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(M.D. Pa. No. 1-14-cr-00030-001)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 12, 2016
_____

Before: FUENTES, SHWARTZ, and RESTREPO, Circuit Judges.

(Filed: July 22, 2016)
_____

OPINION*
_____

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Angel Mendez-Castro pleaded guilty to conspiring to distribute heroin and cocaine and received a 180-month prison sentence. He argues that his sentence is substantively unreasonable. We disagree and will affirm.

I

Mendez-Castro obtained drugs from Puerto Rico for distribution in York County, Pennsylvania by the Latin Kings street gang. He was charged with drug trafficking and firearms-related offenses in connection with the operation, and pleaded guilty to conspiring to distribute more than one kilogram of heroin and five kilograms of cocaine, in violation of 21 U.S.C. § 846.

The Probation Office calculated his total offense level at 40. To resolve Mendez-Castro's objections to the Probation Office's calculation, the Government agreed not to seek certain enhancements and the parties agreed to recommend that the District Court assign a total offense level of 35. Though this offense level corresponded to a Guidelines range of 210 to 262 months' imprisonment, the Government further recommended that the District Court sentence Mendez-Castro according to a lower range—168 to 210 months' imprisonment—consistent with the range "originally contemplated by the parties when presenting the plea agreement to the [District] [C]ourt." App. 29. Mendez-Castro's counsel confirmed that this lower Guidelines range "correctly stated" the parties' agreement, and the District Court accepted it for purposes of sentencing. App. 29.

Both Mendez-Castro and his counsel spoke at sentencing. Each emphasized Mendez-Castro's particularly difficult childhood, during which he was physically and sexually abused by his stepfather, who also forced him to use and sell drugs. The District Court considered this and other relevant sentencing factors, stating:

> I have considered the [18 U.S.C. §] 3553(a) factors in the case. I don't need to elaborate, everybody here knows that there is hardly a defendant who's come before the court with a worse personal background. This young man is a domestic violence victim, he's been abused, he's been neglected. Regrettably, . . . but understandably, he certainly chose the wrong path.

App. 36.

Weighing Mendez-Castro's unfortunate upbringing against his criminal history and the "great harm" he caused to the community, App. 36, the District Court determined that a sentence near the midpoint of the parties' agreed-upon Guidelines range was "sufficient but not greater than necessary to effect [the] sentencing goals" set forth in § 3553(a), and sentenced Mendez-Castro to 180 months' imprisonment. App. 37. Mendez-Castro appeals.

## II[1]

Mendez-Castro argues that the District Court failed to give adequate weight to his

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review factual determinations underlying the sentence for clear error and the sentence itself for abuse of discretion, assessing whether the District Court committed "significant procedural error" and "the substantive reasonableness of the sentence." United States v. Wise, 515 F.3d 207, 217-18 (3d Cir. 2008).

difficult childhood and thus his sentence is substantively unreasonable.[2] We will affirm a sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc); see also United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007) ("We may not substitute our judgment for the sentencing court's, but will affirm if we are convinced that the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors in light of the circumstances of the case.") (citation and internal quotation marks omitted).

Mendez-Castro's sentence is substantively reasonable. The District Court acknowledged the statements of Mendez-Castro and his counsel regarding Mendez-Castro's childhood. It specifically considered that Mendez-Castro is "a domestic violence victim," and that he has been "abused" and "neglected." App. 36. The District Court found, however, that Mendez-Castro "regrettably . . . chose the wrong path," that of a "violent, crafty, drug kingpin." App. 36. It also found that Mendez-Castro caused "great harm to the community and to many people in York County." App. 36. For these reasons, the District Court imposed a sentence of 180 months' imprisonment, which is around the middle of the parties' agreed-upon Guidelines range.

The District Court's "reasons are . . . logical and consistent with the factors set

---

[2] Mendez-Castro does not dispute the procedural reasonableness of his sentence.

4

forth in [§] 3553(a)." <u>Tomko</u>, 562 F.3d at 571-72 (citation and internal quotation marks omitted). They are also "fully supported by the record," <u>id.</u> at 572, which shows that Mendez-Castro has a significant criminal history, including a prior drug trafficking conviction. The record also shows that Mendez-Castro committed the instant offense while on parole for that prior conviction, and that in connection with the instant offense he arranged the transport of large quantities of cocaine and heroin from Puerto Rico to Pennsylvania, recruited drug users to "test" the drugs that had been transported, negotiated multiple drug sales, and possessed stolen firearms.[3] Moreover, as Mendez-Castro himself recognizes, "he was the benefactor of" an agreement with the Government to reduce his total offense level from 40 to 35, and "received a sentence that is less than the applicable [G]uidelines range." Reply Br. 3. Upon consideration of Mendez-Castro's difficult childhood, his criminal record, and the instant offense, we cannot say that no reasonable sentencing judge would have prescribed the same punishment.[4]

III

---

[3] Mendez-Castro argues on appeal that the total drug amount to which he stipulated as part of his plea agreement does not reflect his "true culpability" and warrants a lesser sentence. Mendez-Castro Br. 18. He did not make this argument before the District Court and in fact agrees that the District Court imposed a sentence within the agreed-upon Guidelines range. Thus, not only has he waived this argument, but he also has not shown why he would be entitled to relief under plain error review, particularly since his sentence reflects his extensive involvement in the drug trafficking conspiracy.

[4] Mendez-Castro also argues that the Sixth Amendment requires the fact of his prior convictions, insofar as they increase the Guidelines range, to be charged and proved to a jury beyond a reasonable doubt. To the extent Mendez-Castro did not waive this argument, it is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 243-44 (1998).

Because Mendez-Castro's sentence is substantively reasonable, we will affirm.